PER CURIAM.
The appellant, who was the seller in a completed real estate transaction, filed its-complaint in three counts against the buyers. Count one, upon the theory of a contract to indemnify the plaintiff-seller from a possible brokerage commission, was. dismissed. Counts two and three were upon the theory of fraud based upon misrepresentation. All three counts set forth a written provision of their sales agreement to the effect that the buyers were not introduced to the negotiations which resulted in the sale through the efforts of any broker. The real estate broker concerned! had, prior to the institution of this cause, sued both the buyers and the seller in a previous suit and recovered judgment against them. The judgment in the previous suit was in two parts: 1st, against the seller upon its employment of the broker; 2nd, against the buyers upon a conspiracy with the seller to defraud the broker of his commission. Upon motion for summary judgment in the present action, the plead *29 ings, judgment and exhibits in the prior suit by the broker, were made a part of the record. The court granted a summary judgment for the defendants. The judgment is affirmed.
The cause is before this Court upon three assignments of error: 1st, that the court erred in the dismissal of the first count of plaintiff’s complaint; 2nd, that the court erred by entering the summary final judgment for defendants; 3rd, that the court erred in failing to grant plaintiff’s motion for summary judgment.
The first count of the complaint alleged that the defendants did indemnify and agree to hold harmless the plaintiff of and from any and all liability for a broker’s commission by a provision in the sales agreement reading as follows: “The buyers represent to the seller that they were not introduced to the negotiations which resulted in the making of this agreement through the efforts of any registered real estate broker or salesman.” The plain words of the contract do not include an agreement to indemnify, nor do we find a contract of indemnity implied in them. The count was properly dismissed.
It is not contended that there was any genuine issue as to any material fact; therefore, a summary judgment was proper in this case. It is contended that the plaintiff was entitled to the judgment and that the defendants were not. The record of the prior cause in which the broker recovered judgment conclusively establishes the fact that the seller, appellant here, employed the broker and knowingly accepted the benefit of his employment. He can not now be heard to say that he was mislead to believe that no broker was involved.
The judgment is affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.